No. 24,203.

MARY K. STARR, as Administratrix of the Estate of MERLE A. STARR, *Appellee,* v. THE GREAT AMERICAN LIFE INSURANCE COMPANY of Hutchinson, *Appellant.*

SYLLABUS BY THE COURT.

1. LIFE INSURANCE—*Death While in Military Service—Terms of Policy Construed—Judgment for Beneficiary Sustained.* Under a life insurance policy providing that permission for the insured to engage in military service in time of war must be obtained from the insuring company and an extra premium must be paid on that account, and that in case of his death "in consequence of such service and without the company's permit," it shall be liable for an amount not greater than the legal reserve, where the insured without having paid an extra premium dies in time of war while engaged in military service without the consent of the company, the limitation upon its liability does not become operative unless his death was due to his having been in the service—that is, unless the relation of cause and effect existed between the two facts.

2. SAME—*Instructions.* It is held that no error was committed in the giving or refusal of instructions.

3. SAME—*Evidence.* Rulings upon evidence are held not to have been erroneous.

4. SAME—*Rulings Not Prejudicial.* Rulings concerning the pleadings and evidence are held not to have been prejudicial.

Appeal from Marshall district court; FRED R. SMITH, judge. Opinion filed October 6, 1923. Affirmed.

*A. C. Malloy, R. C. Davis, Warren H. White,* all of Hutchinson, and *R. L. Helvering,* of Marysville, for the appellant.

*W. W. Redmond,* of Marysville, and *W. J. Gregg,* of Frankfort, for the appellee.

The opinion of the court was delivered by

MASON, J.: On May 16, 1918, Merle A. Starr insured his life for $2,000 with the Great American Life Insurance Company. He died from influenza while in the military service of the United States in a hospital at Camp Meade, Maryland, on October 6, 1918. His administratrix brought this action against the company, recovering the full amount of the insurance. The defendant appeals on the ground that its liability was limited to the amount of the legal reserve on the policy—some $15.

1. The provision of the policy relied upon by the defendant reads:

"This policy is free from restrictions as to residence, travel and occupation or place of death, from the date of its issue, except military or naval or aviation service in time of war, for which permission must be obtained from the company, and an extra premium, at the established rate shall be paid. In case of death of the insured in consequence of such service and without the company's permit, the liability of the company hereunder shall be for an amount not greater than the legal reserve on this policy."

Under various assignments of error the defendant contends that by virtue of the first sentence of this clause in order to keep the insurance in full force the insured was required in case he entered the military service in time of war to obtain permission from the company and pay an extra premium. The trial court held, and we approve the holding, that by virtue of the second sentence the effect of the omission of the insured to take such steps is limited to a reduction in the amount to be paid in case his death should result from a risk peculiar to the military service. It is not enough that while in the service he should die—that his being in the service should furnish the condition or situation under which death overtook him through an agency not dependent thereon; the relation of cause and effect must exist between the two facts. This seems the natural and obvious reading of the clause quoted, but if there is an ambiguity it should be resolved against the insurer in accordance with the general rule. The construction adopted was given to substantially the same language in *Gorder v. Lincoln Nat. L. Ins. Co.,* 46 N. D. 192, and to similar language in *Malone v. Life Ins. Co.,* 202 Mo. App. 499.

2.  Complaint is made of the giving of this instruction:

"You are further instructed that the mere fact alone that the insured, Merle A. Starr, after the execution of the policy of insurance sued upon herein, entered into the military service of the United States, is not sufficient to defeat a recovery of the face value of the policy sued upon, but it must further appear from the evidence that the deceased Merle A. Starr, after he entered the military service of the United States of America, died as a result and in consequence of such service. If you shall find and believe from the evidence in this case that the said Merle A. Starr died while in the military service of the United States of America, of some disease peculiar to, or occasioned by, extra hazard incident to such military service, and as a consequence thereof, then and in that event plaintiff would only be entitled to recover the amount shown by the evidence in this case to be the legal reserve of such policy of insurance, at the time of his death. On the other hand, if you should find and believe from the evidence herein by a preponderance thereof, that the insured Merle A. Starr, while in the military service of the United States of America, died of some disease, common to military and civilian life,

and did not die of some disease peculiar to, or occasioned by, extra hazard, incident to such military service, and in consequence thereof, then and in that event it would be your duty to return a verdict in favor of plaintiff for the sum of $2,000.00, together with six per cent interest thereon from the 6th day of December, 1918, to the date of the rendition of your verdict."

Of this the defendant says: "The substance of this instruction was to give the jury the impression that if the influenza prevailed in civil communities as well as in military camps, then the death of the insured could not be in consequence of his military service; and this notwithstanding the fact that the evidence in this case shows clearly and absolutely that there was a greatly increased danger not only from infection, but of death after infection at Camp Meade, Maryland, because of the congested conditions and overtaxed medical facilities." We do not regard the instruction as open to this criticism. Its entire contents are to be construed in the light of its first sentence, which declares explicitly that the plaintiff is not entitled to recover if Starr died in consequence of his military service. It does not say that if he died of a disease common to military and civilian life the company is liable, but that the liability depends upon the existence of the further condition that he "did not die of some disease peculiar to, or occasioned by, extra hazard, incident to such military service, and in consequence thereof." By what we consider a fair and reasonable interpretation of the entire instruction the word "disease" is to be regarded, not as referring to the generic name of the ailment from which he suffered—influenza—but to the specific pathological conditions which in his particular case caused death, which might have been affected by inadequate facilities for medical attention after he had contracted the influenza. While the language might well have been made more definite in this regard no instruction was asked which directed attention specifically to this phase of the matter.

Of the requested instructions which were refused one was to the effect that the mere fact that the insured might have contracted the influenza and pneumonia if he had remained in civil life did not indicate that his death was not in consequence of his military service, and that although the epidemic prevailed in civil communities a death therefrom might be in consequence of military service. Another stated that the military service clause of the policy was not limited to deaths in actual combat or warfare or injuries resulting therefrom, but included any consequence of military service, whether

in a military camp in this country or elsewhere. A third was in substance that the clause was reasonable and the defendant had a right to make it. We think the propositions set out in the first two were sufficiently indicated in the instruction already quoted, and the third was unnecessary. A fourth was that if certain conditions existed at Camp, Meade the death of the insured was in consequence of military service. The question it undertook to settle was one of fact and not of law.

3. Two medical witnesses were permitted to testify concerning the regulations and methods of treatment of the sick in the army generally, over the objection of the defendant that this was not the best evidence and did not relate to the particular camp at which the insured died. The evidence concerned the general practice and was admissible for its bearing on the probable effect of army life upon the risk of death from influenza.

Complaint is made of the sustaining of an objection to a question in the deposition of a witness for the defendant. The abstract does not show what answer, if any, was excluded, and the ruling is therefore not reviewable. The agent who sold the insurance was a witness for the defendant and testified in chief that he had received his net commission. He was asked on cross-examination how much he got. An objection that this was immaterial was overruled and the ruling is complained of. The question seems immaterial but not more so than his testimony as to receiving the commission, and at all events it was not seriously prejudicial.

On the outside of the policy a statement was printed that "In event of death notice should be given immediately to the company at Hutchinson, Kansas, and it is not necessary for the insured or the beneficiary to employ any person to collect any benefit provided in this contract, and that time and expense would be saved by writing direct to the company or its agent." The petition alleged this fact and the defendant moved to strike out the allegation as immaterial. It might have been important as tending to excuse informality or irregularity of proofs of death, and at all events was not prejudicial. The court was asked to instruct that the statement had no application to the case and should not influence the verdict. We think such an instruction unnecessary. The court overruled a motion to make the petition more definite (by setting out specific facts concerning the military service of the insured), a demurrer to the petition, and a demurrer to the evidence. The points raised by the

demurrers have already been passed upon. Obviously the defendant was not misled by any indefiniteness in the petition, for the court instructed the jury that the insured for some time before his death was in the military service and that before the plaintiff could recover she was required to prove by a preponderance of the evidence that his death was not in consequence of such service—a burden by the way which probably should have been placed on the defendant. (*Gorder v. Lincoln Nat. L. Ins. Co.*, 46 N. D. 192.)

The judgment is affirmed.